UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRO INVESTMENTS, INC., | CASE NO. 1:12-cv-01725-LJO-SMS |
| Plaintiff, | |
| v. | ORDER REMANDING UNLAWFUL DETAINER ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |
| MICHAEL F. POORE, MICHELLE L. POORE, AND DOES 1 to 10, inclusive, | |
| Defendants. | (Doc. 1) |

Defendants Michael F. Poore and Michelle L. Poore, proceeding *pro se*, filed papers attempting to remove to this Court an unlawful detainer action brought against them in Fresno County Superior Court. Because this Court lacks subject matter jurisdiction over the unlawful detainer action, it will remand it, on the Court's own motion, to the Fresno County Superior Court.

Federal law empowers a defendant to remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C. 1332(a) (diversity). In their removal motion, Defendants allege both diversity and federal question jurisdiction. Neither type of subject matter jurisdiction exists in this case.

**Diversity Jurisdiction**. To establish diversity jurisdiction, the sum or value of the matter in controversy must exceed $75,000, and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Because Plaintiff is a California corporation and Defendants are California residents, the parties' citizenship is not diverse, and the federal court lacks diversity jurisdiction.

1 **Federal question jurisdiction.** District courts have "original jurisdiction of all civil
2 actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
3 This means that a complaint must establish "either (1) that federal law creates the cause of action
4 or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question
5 of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement
6 in the Cloverly Subterranean, Geological Formation*, 524 F.3d 1090, 1100 (9th Cir. 2008).
7 Defendants' removal motion asserts that federal question jurisdiction exists but provides no
8 factual support for their legal conclusion.

9 An unlawful detainer, or eviction, action is a matter of state law. *Round Valley Indian
10 Housing Authority v. Hunter*, 907 F.Supp. 1343, 1348 (N.D.Cal. 1995). *See also Powers v.
11 United States Postal Service*, 671 F.2d 1041, 1045 (7th Cir. 1982) ("Federal common law of
12 landlord and tenant does not exist"). In the absence of related federal claims, a district court
13 properly remanded an unlawful detainer action that the defendant had attempted to remove to
14 federal court. *McGee v. Hildebrand*, 19 Fed.Appx. 582, 583 (9th Cir. 2001).

15 **Conclusion and order.** A district court may remand an action to state court for lack of
16 subject matter jurisdiction. 28 U.S.C. § 1447(c). Lacking subject matter jurisdiction over this
17 action, this Court must dismiss it and remand it to the Fresno County Superior Court.

18 Accordingly, this Court REMANDS this action to the Fresno County Superior Court.
19 The Clerk of Court is directed to serve a copy of this order on the Fresno County Superior Court
20 and to serve the parties in the customary manner.

21 IT IS SO ORDERED.

22 **Dated:   October 23, 2012**            /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE